# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 31, 2018

```
* * * * * * * * * * *
WENDELL DAVIS,                *     UNPUBLISHED
                              *
            Petitioner,       *     No. 16-774V
                              *
v.                            *     Special Master Gowen
                              *
SECRETARY OF HEALTH           *     Joint Stipulation; Hepatitis A; Tetanus-
AND HUMAN SERVICES,           *     Diphtheria-Acellular Pertussis
                              *     ("TDaP"); Macrophagic Myofasciitis
            Respondent.       *     ("MMF").
* * * * * * * * * * *
```

Jeffrey S. Pop, Beverly Hills, CA, for petitioner.
Voris E. Johnson, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

On June 29, 2016, Wendell Davis ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] for injuries allegedly related to his receipt of Hepatitis A and tetanus-diphtheria-acellular pertussis ("TDaP") vaccinations, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a). Petitioner received the Hepatitis A and TDaP vaccinations on August 13, 2014. Petitioner alleged that as a result of these vaccines, he suffered from macrophagic myofasciitis ("MMF") and that he experienced the residual effects of this condition for more than six months.

On October 31, 2018, respondent filed a joint stipulation providing that a decision should be entered awarded compensation to petitioner. Joint Stipulation (ECF No. 68). Respondent denies that the Hepatitis A and/ or TDaP vaccines or any other vaccine caused petitioner to suffer from MMF or any other injury, or his current condition. Id. at ¶ 6.

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the website of the United States Court of Federal Claims, pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012). The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Maintaining their respective positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding compensation to petitioner according to the terms of the joint stipulation attached hereto as Appendix A.

**The joint stipulation awards:**

a. **A lump sum of $1,150,000.00** (which amount represents compensation for first-year life care expenses, past and future lost earnings, past unreimbursed expenses, and pain and suffering) **in the form of a check payable to petitioner, Wendell Davis; and**

b. **An amount sufficient to purchase the annuity contract described in paragraph 10 of the joint stipulation attached hereto as Appendix A, paid to the life insurance company from which the annuity will be purchased.**

These amounts represent all damages that would be available under 42 U.S.C. § 300aa-15(a).

**I find the stipulation reasonable and I adopt it as the decision of the Court in awarding damages, on the terms set forth therein.**

Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

                                            **s/Thomas L. Gowen**
                                            Thomas L. Gowen
                                            Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties jointly or separately filing notice renouncing their right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| WENDELL DAVIS, | ) <br> ) <br> ) |
| Petitioner, | ) <br> ) |
| v. | ) <br> ) No. 16-774V |
| SECRETARY OF HEALTH AND HUMAN SERVICES | ) Special Master Gowen <br> ) <br> ) |
| Respondent. | ) <br> ) |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Wendell Davis ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of Hepatitis A and tetanus-diphtheria-acellular pertussis ("Tdap") which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received the Hepatitis A and Tdap immunizations on August 13, 2014.[1]

3. The vaccinations were administered within the United States.

4. Petitioner alleges that he suffered from Macrophagic Myofasciitis ("MMF") as a result of receiving the Hepatitis A and Tdap vaccines, and further alleges that he experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action

---

[1] As alleged in the petition, petitioner also received Meningitis, Typhoid, and Yellow Fever vaccines on August 13, 2014, and an influenza vaccine on September 12, 2014, but those vaccines are not alleged to have caused petitioner's injury, and the Typhoid and Yellow Fever vaccines are not contained on the Vaccine injury Table.

for damages on his behalf as a result of his condition.

6. Respondent denies that the Hepatitis A and/or Tdap vaccines or any other vaccine caused petitioner to suffer from MMF or any other injury, or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $1,150,000.00, which amount represents compensation for first year life care expenses, past and future lost earnings, past unreimbursed expenses, and pain and suffering, in the form of a check payable to petitioner, Wendell Davis; and,
>
> b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
>
> b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
>
> c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
>
> d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:

AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Wendell Davis, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows:

a. For future unreimbursable Medicare Part B Premium, Medicare Advantage Premium, and Medicare Advantage Prescription Medication expenses, beginning on the first anniversary of the date of judgment, an annual amount of $17,325.36 to be paid up to the anniversary of the date of judgment in year 2039, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

b. For future unreimbursable Medigap F and Medicare Part D expenses, beginning on the anniversary of the date of judgment in year 2039, an annual amount of $16,991.04 to be paid for the remainder of petitioner's life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

c. For future unreimbursable Podiatrist, Calcium, Vitamin D3, Fish Oil, Bilateral Knee Braces, and Over the Door Pulley expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,427.45 to be paid for the remainder of petitioner's life, increasing at the rate of three and one half percent (3.5%), compounded annually from the date of judgment.

d. For future unreimbursable Physical Therapy expenses, on the first anniversary of the date of judgment, a lump sum of $376.00, increasing at the rate of three and one half percent (3.5%), compounded annually from the date of judgment.

e. For future unreimbursable Walker, Manual Wheelchair, and Manual Wheelchair Maintenance expenses, on the anniversary of the date of judgment in year 2023, a lump sum of $122.00.  Then, on the anniversary of the date of judgment in year 2024, a lump sum of $624.29.  Thereafter, beginning on the anniversary of the date of judgment in year 2025, an annual amount of $131.43 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three and one half percent (3.5%), compounded annually from the date of judgment.

f. For future unreimbursable Cane, Roho Cushion/Gel Seat, Cushion Cover, Urinal, Hand Held Shower, Shower Chair, ADL Allowance, Lifeline, Ancillary Services, and Stair Glide Maintenance expenses, on the first anniversary of the date of judgment, a lump sum of $1,170.34.  Then, on the anniversary of the date of judgment in year 2020, a lump sum of $1,070.34.  Then, on the anniversary of the date of judgment in year 2021, a lump sum of $1,116.34.  Thereafter, beginning on the anniversary of the date of judgment in year 2022, an annual amount of $1,070.34 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three and one half percent (3.5%), compounded annually from the date of judgment.

  g. For future unreimbursable Attendant Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $70,080.00 to be paid up to the anniversary of the date of judgment in year 2034.  Then, beginning on the anniversary of the date of judgment in year 2034, an annual amount of $87,600.00 to be paid up to the anniversary of the date of judgment in year 2044.  Thereafter, beginning on the anniversary of the date of judgment in year 2044, an annual amount of $105,120.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three and one half percent (3.5%), compounded annually from the date of judgment.

  h. For future unreimbursable Van Modification and Stair Glide expenses, on the anniversary of the date of judgment in year 2028, a lump sum of $46,480.00.  Then, on the anniversary of the date of judgment in year 2038, a lump sum of $46,480.00.  Thereafter, beginning on the anniversary of the date of judgment in year 2039, an annual amount of $4,648.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three and one half percent (3.5%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.  Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Wendell Davis, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Wendell Davis's death.

  11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation.  The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the

4

future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns,

does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Hepatitis A, Meningitis, and Tdap vaccinations administered on August 13, 2014, and the influenza vaccine administered on September 12, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about June 29, 2016, in the United States Court of Federal Claims as petition No. 16-774V.

17.  If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20.  Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Hepatitis A and Tdap vaccines, or any other vaccine, caused petitioner's MMF or any other injury, or his current condition.

22.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*/s/ Wendell Davis*
WENDELL DAVIS

ATTORNEY OF RECORD FOR PETITIONER:

*/s/ Jeffrey S. Pop*
Jeffrey S. Pop & Associates
9107 Wilshire Blvd. Suite 700
Beverly Hills, CA 90210
Tel: (310) 273-5462

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*/s/ Catharine E. Reeves*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*/s/ Narayan Nair*
NARAYAN NAIR, M.D.
Director, Division of Injury
 Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
 and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*/s/ Voris E. Johnson*
VORIS E. JOHNSON
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4136

Dated: 10/31/18