# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: April 2, 2019

| | |
|---|---|
| * * * * * * * * * * * * * | |
| WENDELL DAVIS, * | UNPUBLISHED |
| * | |
| Petitioner, * | No. 16-774V |
| * | Special Master Gowen |
| v. * | |
| * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * | |

Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.
Voris E. Johnson, United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On December 14, 2018, Wendell Davis ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 74). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of **$116,040.60**.

I.  **Procedural History**

On June 29, 2016, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving the Hepatitis A and tetanus-diphtheria-acellular pertussis ("TDaP") vaccinations on August 14, 2014, he suffered from macrophagic myofasciitis ("MMF"). Petition at 1. On October 31, 2018, the parties filed a stipulation, which I

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

adopted as my Decision awarding damages on the same day. Decision, ECF No. 69.

On December 14, 2018, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for his attorney, Mr. Jeffrey Pop, in the total amount of $116,969.35, representing $67,898.00 in attorneys' fees and $49,071.35 in costs. Fees App. at 5-7. Pursuant to General Order No. 9, Petitioner warrants that he not personally incurred any costs in pursuit of this litigation. Fees App. Ex. 7. Respondent reacted to the fees motion on December 18, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 75). Petitioner did not file a reply. The matter is now ripe for adjudication.

II.   **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a stipulation, and therefore he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.   **Attorneys' Fees**

Petitioner requests the following rates of compensation for work performed by her attorneys: for Mr. Jeffrey Pop, $400.00 per hour for work performed in 2015 and $420.00 per hour for work performed in 2016-2018; and for Ms. Kristina Grigorian, $250.00 per hour for work performed in 2016-2018. Fees App Ex. 2 at 2. Petitioner also requests that Mr. Thomas Hahn, a senior law clerk, be compensated at $145.00 per hour for all work performed and for all other law clerks to be compensated at $125.00 per hour for all work. *Id.*

The rates requested for the attorneys and law clerks in this case are consistent with what I and other special masters have awarded Mr. Pop's firm for their work on Vaccine Program cases. *See Morrison v. Sec'y of Health & Human Servs.*, No. 16-526V, 2017 WL 6889720 (Fed. Cl. Spec. Mstr. Nov. 28, 2018); *Contreras-Rodriguez v. Sec'y of Health & Human Servs.*, No. 05-626V, 2018 WL 3989507 (Fed. Cl. Spec. Mstr. July 2, 2018). Accordingly, no adjustment to the requested rates is necessary. Additionally, the overall hours spent on this matter (252.7) appear to be reasonable, especially given the complexity of the case. I have reviewed the submitted documentation and do not find any entries to be objectionable, and Respondent has not pointed to any particular entries as objectionable. Accordingly, based on the rates determined, I will award

Petitioner a total of **$67,898.00** in attorneys' fees.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $49,071.35. This amount consists of acquiring medical records and medical literature, mailing costs, travel costs, and the work of several professionals in this case: Dr. S. Sohail Ahmed in providing an expert report, Ms. Brook Feerick in providing a life care plan, and former Chief Special Master Gary Golkiewicz in providing mediation services. Fees App. at 6-7. The undersigned has reviewed the invoices prepared by each of these professionals and in each case, they have charged an hourly rate which has previously been awarded to them by a special master of this Court and have kept an adequate contemporary log of the work performed and the time spent on each task.

The only cause for reduction for the requested costs is for the travel expenses of Ms. Feerick. Ms. Feerick traveled twice in this case, once to conduct a site visit with Petitioner and once to attend the mediation, and in each instance traveled via first class airfare. Fees App. Ex. 3 at 45, 67. It is well-established that the Vaccine Program will not compensate petitioners for upgraded methods of travel such as first-class airfare, black car service, or Acela Express train fare. *See Tetlock v. Sec'y of Health & Human Servs.*, No. 10-56V, 2017 WL 5664257, at *6 (Fed. Cl. Spec. Mstr. Nov. 1, 2017); *Reichert v. Sec'y of Health & Human Servs.*, No. 16-697V, 2018 WL 3989429, at *4 (Fed. Cl. Spec. Mstr. Jun. 20, 2018); *McCulloch*, 2015 WL 5634323, at *22. I will therefore only compensate these travel costs at 50% to bring them more in line with what regular airfare would cost. This results in a reduction of **$928.75**.[3]

Concerning the remaining costs, Petitioner has provided adequate documentation supporting them and they shall be awarded in full. Petitioner is therefore entitled to a final award of costs in the amount of **$48,142.60**.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $67,898.00 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$67,898.00** |
| | |
| Attorneys' Costs Requested | $49,071.35 |
| (Reduction of Costs) | - ($928.75) |

---

[3] The submitted documentation indicates that Ms. Feerick billed $1,544.60 for one ticket at $312.90 for the other (Ms. Feerick only billed half of this one-way ticket due to combining a family visit with the travel for mediation). Each ticket was first class and therefore reduced by 50%.

| **Total Attorneys' Costs Awarded** | **$48,142.60** |
|---|---|
| | |
| **Total Attorneys' Fees and Costs** | **$116,040.60** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $116,040.60, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Mr. Jeffrey Pop.[4]; and**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).